IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONTINENTAL FIRST FEDERAL, INC. and CONTINENTAL FIRST FEDERAL HOLDING, LLC, doing business as CFF SALES AND LEASING,<br><br>*Plaintiffs*,<br><br>v.<br><br>WATSON QUALITY FORD, INC., and VISION MANUFACTURING, LTD.,<br><br>*Defendants,* and<br><br>LEGGETT & PLATT, INC., and LEGGETT & PLATT COMPONENTS COMPANY, INC.,<br><br>*Third-Party Defendants.* | No. 3:08-0954<br>Judge Nixon<br>Magistrate Judge Bryant<br><br>JURY DEMAND |

## ORDER

Pending before the Court is Defendant Watson Quality Food, Inc.'s ("Watson") Second Motion to Change Venue (Doc. No. 93) and supporting Memorandum (Doc. No. 94). Also pending are Watson's motions for default judgment against Defendant Vision Manufacturing, Ltd. (hereinafter "Vision") (Doc. No. 113) and Plaintiffs Continental First Federal, Inc. and Continental First Federal Holdings, LLC, doing business as CFF Sales and Leasing (collectively and hereinafter "CFF") (Doc. No. 114). None of the parties to the case have responded to Watson's motions.

For the reasons stated below, Defendant Watson's Motion to Change Venue is **GRANTED**, and Watson's motions for default judgment are **DENIED as moot.**

-1-

I.  **BACKGROUND**

Prior to CFF filing suit in this Court on September 25, 2008, Watson filed suit against CFF and Vision on July 31, 2008 in the Chancery Court of Hinds County Mississippi for declaratory judgment. (Doc. No. 19, Att. 4.) Watson's suit is based on the same factual issues and involves the same parties as the suit currently before this Court. On October 1, 2008 Vision filed a Notice of Removal from the Chancery Court to the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C.A. §§ 1332 and 1441. (Doc. No. 19, Att. 5.)

On September 25, 2008, CFF filed the instant suit against Watson, Vision, and Defendant Textron Financial Corporation ("Textron") in this Court. Vision later filed a third party complaint against Leggett & Platt, Inc., and Leggett & Platt Components Company, Inc. (Doc. No. 66).

On October 28, 2008, Watson filed a Motion to Dismiss or in the Alternative Transfer to the Southern District of Mississippi (Doc. No. 16). The same day, Vision also filed a Motion to Dismiss (Doc. No. 19). On July 9, 2009, this Court denied Defendant Watson's Motion to Dismiss (Doc. No. 16) and Defendant Vision's Motion to Dismiss (Doc. No. 19). (Doc. No. 82.) As an alternative to their motions to dismiss, Watson and Vision requested the Court to transfer this action to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404. (Doc. No. 16, at 1 & Doc. No. 19, at 1, respectively.) The Court declined to transfer this action to Mississippi, stating that the District Court in Mississippi could not assert personal jurisdiction over Textron, because Textron did not have sufficient contacts with Mississippi. (Doc. No. 82, at 13-18.)

Since that ruling, on June 11, 2009, Textron filed a Motion to Dismiss for lack of subject

matter jurisdiction (Doc. No. 77), which the Court has granted (Doc. No. 83). On July 14, 2010, Watson filed its Second Motion to Change Venue (Doc. No. 93), reasoning that since Textron is no longer a party to this suit, this action is suitable for transfer to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404. (Doc. No. 93, at 2.) No party has responded to this motion.

On January 14, 2010, Vision's attorney withdrew from this case. Vision was given thirty (30) days to find new counsel, and to the extent of this Court's knowledge, Vision has not done so. On March 23, 2010, Watson filed a Motion for Default Judgment as to claims against Vision (Doc. No. 113). Vision has not responded.

On March 18, 2010, CFF's attorney withdrew from this case. CFF was given until April 14, 2010 to file responsive pleadings to Watson's counterclaims. The March 18, 2010 deadline has passed, and CFF did not take any action. On April 22, 2010, Watson filed a Motion for Default Judgment as to CFF (Doc. No. 114). CFF has not responded.

## II. DISCUSSION

### A. *Watson's Motion to Transfer Venue*

#### 1. Legal Standard

##### a. *Timely Response*

Pursuant to Local Rule 7.01(b), a party opposing a motion shall file all responsive material ten (10) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion. L.R. 7.01(b). Parties have had more than three (3) months to respond to Watson's Motion to Transfer

Venue and have not done so. The Court thus treats Watson's assertions of fact and law as undisputed.

### b. Transfer Venue

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts interpret the statute as dictating a two-step analysis, in which a court must (1) determine whether the suggested venue is one where the action might properly have been brought in the first instance; and if so, then (2) determine which forum is preferable after considering a number of factors. See Van Dusen v. Barrack, 376 U.S. 612, 616-17 (1964); Winnett v. Caterpillar Inc., 2006 WL 1722434, at *2 (M.D. Tenn. June 20, 2006).

The first step of the analysis requires the transferor court to determine whether the action could "have been brought" by the plaintiff in the transferee court. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).

After the first step is met, the second step of the analysis requires the district court to balance both the private and public interest. Smith v. Kyphon, Inc., 578 F.Supp. 2d 954, 962 (M.D. Tenn. 2008). The private interest factors include:

> (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; [and] (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively.

Id. (internal citations omitted); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The public interest factors are:

> (1) the enforceability of the judgment; (2) practical
> considerations affecting trial management; (3) docket
> congestion; (4) the local interest in deciding local
> controversies at home; (5) the public policies of the fora;
> and (6) the familiarity of the trial judge with the applicable
> . . . law.

Smith v. Kyphon, Inc., 578 F.Supp. 2d at 962; see also Gulf Oil, 330 U.S. at 508.

    2.    Analysis

        a.    *The Instant Action Could Have Been Brought in the Southern District of Mississippi*

In Watson's Second Motion to Change Venue, Watson asserts that this action could have originally been brought in the Southern District of Mississippi, and that the parties to this action and the action in the Southern District of Mississippi are identical. (Doc. No. 94, at 3.) Because no party has responded to this motion, the Court treats Watson's assertion that this action could have been brought in the Southern District of Mississippi as undisputed. Furthermore, this Court has previously determined that the District Court in Mississippi could have exerted personal jurisdiction over Watson, CFF, and Vision. (Doc. No. 82.)

        b.    *Private and Public Interest Factors Weigh In Favor of Transfer*

The Court must now reach the question of whether the factors in this case meet the second requirement of the two-prong transfer test.

In regards to private interest factors, Watson has stated that a trial in the Southern District of Mississippi would be much more convenient for many crucial witnesses, would be less expensive to the parties, and would take place at the locus of the operative facts giving rise to this action. (Doc. No. 94, at 6.) A large number of Watson's employees, most of whom are located in Mississippi, will have to testify in this case. (Id., at 5.) While the witnesses will

voluntarily travel to Tennessee at the behest of Watson, Watson has stated that doing so would require substantial costs of traveling to Tennessee and obtaining accommodations while being here during trial. (Id.) Watson has also stated that the majority of operative facts giving rise to this action occurred outside this district, as a large number of van chasses were shipped by Watson from Mississippi to Vision in Georgia. Thus, access to sources of proof would be less costly if the litigation were to take place in Mississippi. (Id., at 4.)

Regarding the public interest factors, Watson states that the interests of systematic integrity, judicial efficiency, and fairness weigh in favor of transferring the present action to Mississippi. In support of this argument, Watson states that systematic integrity dictates that this action be transferred to the court where the same parties have actively been litigating the same issues as are presently before the Court. (Id., at 7.) This also speaks to the interest of judicial efficiency, as it is a waste of time, energy, and money to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different district courts. (Id.) Further, fairness dictates that the action should be transferred, as it is unfair to the citizens of Tennessee to burden them with jury duty to resolve a dispute which primarily involves citizens of other districts and events that occurred in other districts. (Id. at 8.)

For the abovementioned reasons, this Court **GRANTS** Watson's Motion to Transfer Venue.

### B. *Watson's Motions for Default Judgment*

Because the Court grants Watson's Motion to Transfer Venue, Watson's Motions for Default Judgment are **DENIED as moot**.

Case 3:08-cv-00954   Document 116   Filed 05/06/10   Page 6 of 7 PageID #: 862

III. CONCLUSION

Because the Southern District of Mississippi is a forum where the action might properly have been brought in the first instance and Watson has stated it is the preferable forum, the Court **GRANTS** Watson's Motion to Transfer Venue and hereby **TRANSFERS** this case to the District Court in the Southern District of Mississippi. Accordingly, Watson's Motions for Default Judgment are **DENIED as moot**.

It is so ORDERED.

Entered this the \_\_\_\_6th\_\_\_\_ day of May, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT